*1091 OPINION.
Graüpner
: This appeal results from the refusal of the Commissioner. to affiliate two corporations, which have been developed as the result of family ambition and design to establish business preeminence and family prestige in a community, and which have been operated with remarkable consistency of purpose to accomplish those ends. The family solidarity, the mutual confidences reposed, the consistent cooperation throughout the years, and the concentration on accomplishment, as disclosed by the testimony, have produced a unity of purpose which has resulted in the two companies operating in common interest.
The investment company was organized to hold and operate the real property acquired for the purpose of developing a business dis *1092 trict around and housing the merchandising concern. It has been the expressed intent of all of its stockholders that the store company should carry on the department store around which the family pride and ambition centered and on which all of the stockholders in the store company and the holders of over 86 per cent of the stock in the investment company depended for their incomes.
The entire circumstances disclosed by the record show that the realty company was the child of the store company, conceived for its purposes, developed for its convenience, and dominated by its necessities. While it is true that there are stockholders in the investment company who hold no stock in the store company, yet the store company and its closely knit stockholders own over 80 per cent of the stock in the investment company, and three other stockholders, who are dependent for their income on the earnings of the store company, own over 6 per cent. These three stockholders, by interest, confidence, action, proxies, and expressed wishes, have left the voting of their stock and the control of the investment company in the hands of the stockholders and officers of the store company. Lyela Brandéis Turner, who owned 3,564 shares of the preferred stock in the investment company, as evidenced by her requests and actions, placed entire confidence in George Brandéis and voted as a director, and had her stock in that company voted, in accordance with his suggestions. The record shows that during the years of existence of the two companies, there has never been a dissenting vote cast at the stockholders’ or directors’ meetings of either. It further shows that during the same period the officers of the store company have dictated the operations of the investment company and that none of the stockholders of the latter have ever protested this control.
Considering all of the circumstances disclosed in this appeal, we are of the opinion that the two companies were affiliated within the taxable year involved, and that they are entitled to file a consolidated return.
Order- of redetermmation will ~be entered on 15 days’ notice, wnder Rule 50.